UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CLATHINA McMILLAN-HOYTE, As Administrator
of the Estate of HENDERSON HOYTE, Deceased,
and CLATHINA McMILLAN-HOYTE, Individually,

                               Plaintiff,

-against-

THE UNITED STATES OF AMERICA,

                               Defendant.
-------------------------------------------------------------------X

CIVIL ACTION NO.:
1:18-cv-388 (GLS/DEP)
**COMPLAINT**

1.     Plaintiff CLATHINA McMILLAIN-HOYTE, by her attorneys, Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, brings this complaint against Defendant THE UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671-80.

2.     Plaintiff has exhausted her claims by filing the required forms with the Defendant and by the appropriate federal agency failing to make final disposition of the claim within six months after its filing. *See* Ex. A (Administrative Complaints).

## INTRODUCTION

3.     This is a medical malpractice action that seeks damages for injuries suffered by Plaintiff and plaintiff's-decedent due to Defendant's failure to timely identify, diagnose, and treat deep vein thrombosis and pulmonary embolus in the plaintiff's-decedent. Defendant's negligence persisted for approximately three critical months, and defendant's departure from good and accepted medical practice resulted in severe and permanent injury to the plaintiff's-decedent and his untimely death.

4. Whitney M. Young Jr. Health Center, Inc., and its employees, including Dr. Padmaja Madala, caused plaintiff's decedent's tortious injury. Said health center and Dr. Madala are covered by the Federal Tort Claims Act (herein "FTCA"). As such, and as mandated by the FTCA, Plaintiff brings this action against Defendant THE UNITED STATES OF AMERICA.

## JURISDICTION AND VENUE

5. This case is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-80. This Court has jurisdiction over this claim against THE UNITED STATES OF AMERICA for money damages pursuant to 28 U.S.C. §§ 1346(b)(1).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(e) and 1402(b), as this is an action against THE UNITED STATES OF AMERICA, this is the district in which Plaintiff resides, and no property is involved.

## PARTIES

7. Plaintiff CLATHINA McMILLAN-HOYTE, at all times herein mentioned, was and still is a citizen of the State of New York residing at 1 Lexington Avenue, Apt. A, Albany, NY 12206.

8. Whitney M. Young Jr. Health Center, Inc. is a Federal Tort Claims Act ("FTCA")-covered health center. Its employees are deemed to be federal employees and are qualified for protection under the FTCA. Dr. Padmaja Madala is an employee of Whitney M. Young Jr. Health Center, Inc., and thus qualifies for protection under the FTCA.

9. Defendant THE UNITED STATES OF AMERICA is a party to this action by virtue of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and the protection it provides to Whitney M. Young Jr. Health Center, Inc. and Dr. Padmaja Madala.

## PROCEDURAL HISTORY

10. Plaintiff commenced an action against Whitney M. Young Jr. Health Center, Inc. and Dr. Padmaja Madala in the Supreme Court of the State of New York, Albany County, on December 15, 2014. On August 3, 2015, by motion filed in the United States District Court, Northern District of New York, Whitney M. Young Jr. Health Center, Inc. and Dr. Padmaja Madala sought to substitute THE UNITED STATES OF AMERICA for the themselves and then dismiss Plaintiff's claims against THE UNITED STATES OF AMERICA for lack of subject-matter jurisdiction. Plaintiff cross-moved to dismiss plaintiff's claims against the United States <u>only without prejudice</u>, so as to permit plaintiff to exhaust her administrative remedies regarding that claim, and to remand the remainder of the action to New York State Supreme Court, Albany County, pursuant to 28 U.S.C. § 1447(c). The District Court granted both motions in their entirety by Order dated September 15, 2015.

11. On October 13, 2015, pursuant to 28 U.S.C. §2675(a), plaintiff filed a claim with the United States Department of Health and Human Services alleging that from on or about May 3, 2012 through on or about July 3, 2012, FTCA-covered health center Whitney M. Young Jr. Health Center, Inc., and its employee Dr. Padmaja Madala, failed to timely and properly diagnose plaintiff's decedent's deep vein thrombosis and pulmonary emboli, resulting in pain, suffering, and wrongful death.

12. On December 22, 2015, plaintiff's-decedent provided three copies of plaintiff's-decedent's medical records to Mr. Daniel F. Mendoza, Paralegal Specialist, Office of General Counsel, General Law Division, Department of Health and Human Services.

13. Plaintiff has yet to receive final disposition of her claim from the Department of Health and Human Services.

14. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim (28 U.S.C. § 2675(a)). Thus, this action is timely commenced.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF CLATHINA McMILLAN-HOYTE, AS ADMINISTRATOR OF THE ESTATE OF HENDERSON HOYTE, DECEASED

15. Plaintiff repeats and realleges each and every allegation contained in those paragraphs of this Complaint marked and designated "1" through "14" inclusive, with the same force and effect as if herein stated set forth more fully at length.

16. Prior to the commencement of this action, and more particularly, on the 30th day of July, 2014, Plaintiff CLATHINA McMILLAN-HOYTE was appointed Administrator of the Estate of HENDERSON HOYTE and duly granted Letters of Limited Administration on the goods, chattels, and credits of HENDERSON HOYTE, deceased, by order of the Hon. Gerard E. Maney, New York County Surrogate's Court, was duly qualified as such, and is now acting in said capacity.

17. Defendant THE UNITED STATES OF AMERICA, at all times hereinafter mentioned, provided medical malpractice protection to health centers, and their employees, that meet annual program requirements of FTCA coverage.

18. At all times hereinafter mentioned, Whitney M. Young Jr. Health Center, Inc. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York.

19. At all times hereinafter mentioned, Whitney M. Young Jr. Health Center, Inc. owned a health center located at 920 Lark Drive, Albany, New York 12207.

20. At all times hereinafter mentioned, Whitney M. Young Jr. Health Center, Inc. operated, conducted, managed, controlled, and maintained the aforesaid health center located at 920 Lark Drive, Albany, New York 12207.

21. At all times hereinafter mentioned, Whitney M. Young Jr. Health Center, Inc. was and is an FTCA-covered health center, located at 920 Lark Drive, Albany, New York 12207.

22. By virtue of its FTCA-coverage, Whitney M. Young Jr. Health Center, Inc. is sued herein as defendant THE UNITED STATES OF AMERICA.

23. At all times hereinafter mentioned, Dr. Padmaja Madala was a physician licensed to practice medicine in the State of New York.

24. At all times hereinafter mentioned, Dr. Padmaja Madala specialized in the field of family medicine.

25. At all times hereinafter mentioned, Dr. Padmaja Madala was associated with Whitney M. Young Jr. Health Center, Inc.

26. At all times hereinafter mentioned, Dr. Padmaja Madala was on the staff of Whitney M. Young Jr. Health Center, Inc.

27. At all times hereinafter mentioned, Dr. Padmaja Madala was acting as an agent of Whitney M. Young Jr. Health Center, Inc.

28. At all times hereinafter mentioned, Dr. Padmaja Madala was an employee of Whitney M. Young Jr. Health Center, Inc.

29. At all times hereinafter mentioned, Dr. Padmaja Madala was acting within the course and scope of her employment with Whitney M. Young Jr. Health Center, Inc.

30. By virtue of her relationship with Whitney M. Young Jr. Health Center, Inc., an

FTCA-covered health center, Dr. Padmaja Madala is a federal employee and is sued herein as defendant THE UNITED STATES OF AMERICA.

31. Whitney M. Young Jr. Health Center, Inc. and Dr. Padmaja Madala, sued herein as defendant THE UNITED STATES OF AMERICA, negligently and carelessly rendered medical, diagnostic, and pre-operative services, care, treatment, and advice to plaintiff's-decedent Henderson Hoyte.

32. On or about May 3, 2012 through July 3, 2012, plaintiff's-decedent Henderson Hoyte presented at Whitney M. Young Jr. Health Center, Inc.

33. On or about May 3, 2012 through July 3, 2012, plaintiff's-decedent, Henderson Hoyte, presented to Dr. Padmaja Madala.

34. On or about May 3, 2012, plaintiff's-decedent, Henderson Hoyte, presented to Dr. Padmaja Madala and Whitney M. Young Jr. Health Center, Inc. following a motor vehicle accident, occurring on or about April 20, 2012, in which plaintiff's-decedent was involved.

35. On or about June 4, 2012, plaintiff's-decedent, Henderson Hoyte, presented to Dr. Padmaja Madala and Whitney M. Young Jr. Health Center, Inc.

36. On or about June 25, 2012, plaintiff's-decedent Henderson Hoyte presented to Dr. Padmaja Madala and Whitney M. Young Jr. Health Center, Inc. with a fractured fibula secondary to a fall.

37. From on or about April 20, 2012 through on or about July 3, 2012, plaintiff's-decedent, Henderson Hoyte, complained of shortness or breath, chest pain, and syncope to his treating medical care givers, including Dr. Padmaja Madala and Whitney M. Young Jr. Health Center, Inc.

38. Despite plaintiff's-decedent's complaints, medical history, and diagnostic testing, Dr. Padmaja Madala and Whitney M. Young Jr. Health Center, Inc. failed to diagnose and properly treat deep vein thrombosis.

39. Despite plaintiff's-decedent's complaints, medical history, and diagnostic testing, Dr. Padmaja Madala and Whitney M. Young Jr. Health Center, Inc. failed to diagnose and properly treat pulmonary embolus.

40. Despite plaintiff's-decedent's complaints, medical history, and diagnostic testing, Dr. Padmaja Madal and Whitney M. Young Jr. Health Center, Inc. failed to order appropriate diagnostic examinations and/or tests and/or screenings to identify deep vein thrombosis.

41. Despite plaintiff's-decedent's complaints, medical history, and diagnostic testing, Dr. Padmaja Madal and Whitney M. Young Jr. Health Center, Inc. failed to order appropriate diagnostic examinations and/or tests and/or screenings to identify pulmonary embolus.

42. The aforesaid medical, diagnostic, and pre-operative services, care, treatment, and advice rendered by Dr. Padmaja Madala and Whitney M. Young Health Center, Inc., sued herein as defendant THE UNITED STATES OF AMERICA, were negligent and careless.

43. Defendant, and its agents, servants, and employees, were negligent and careless in failing to use and follow due, reasonable, and proper skill and care in the treatment of plaintiff's-decedent Henderson Hoyte, and these failures resulted in the worsening of plaintiff's-decedent's condition and his loss of life.

44. Defendant, and its agents, servants, and employees, were negligent and careless in failing to possess the requisite degree of learning, knowledge, and skill in the treatment of the plaintiff's-decedent.

45. Defendant, and its agents, servants, and employees, were negligent and careless in failing to make a timely and proper diagnosis of plaintiff's-decedent's deep vein thrombosis

46. Defendant, and its agents, servants, and employees, were negligent and careless in failing to make a timely and proper diagnosis of plaintiff's-decedent's pulmonary embolus.

47. Defendant, and its agents, servants, and employees, were negligent and careless in failing to properly diagnose and investigate the plaintiff's-decedent's condition in accordance with standard and accepted, medical, diagnostic, and pre-operative practices.

48. Defendant, and its agents, servants, and employees, were negligent and careless in failing to properly treat the plaintiff's-decedent's pre-operative condition in accordance with standard and accepted medical, diagnostic, and pre-operative practices.

49. Defendant, and its agents, servants, and employees were negligent and careless in failing to appreciate plaintiff's-decedent's complaints and failing to recognize, comprehend, or appreciate plaintiff's-decedent's diagnostic testing and medical history.

50. Defendant, and its agents, servants, and employees were negligent and careless in failing to administer appropriate tests and diagnostic studies to make a timely and proper diagnosis of plaintiff's-decedent's medical condition.

51. That by reason of the foregoing, plaintiff's-decedent died on January 14, 2013.

52. That by reason of the foregoing, plaintiff's-decedent left surviving as heirs and next-of-kin his wife, Plaintiff CLATHINA McMILLAN-HOYTE, and his children (son Sean Hoyte, age 31; daughter Yvonne Hoyte, age 21; son H▆▆▆ S▆▆▆, age 17; daughter A▆▆ H▆▆, age 16, daughter T▆▆▆ H▆▆, age 10, and son H▆▆▆ H▆▆, age 7).

53. That by reason of the foregoing, plaintiff's-decedent sustained a serious injury as defined in §5102(d) of the Insurance Law of the State of New York.

54. That by reason of the foregoing, plaintiff's-decedent has sustained economic loss greater than basic economic loss as defined in §5102 of the Insurance Law of the State of New York.

55. As a result of the aforesaid, the next-of-kin, CLATHINA McMILLAN-HOYTE, Sean Hoyte, Yvonne Hoyte, H▓▓▓▓ S▓▓▓▓, A▓▓ H▓▓▓, T▓▓▓▓ H▓▓▓, and H▓ H▓▓▓, have been damaged in an amount which exceeds the jurisdictional limit of all lower courts which would otherwise have jurisdiction.

56. That pursuant to CPLR 1603, this foregoing cause of action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including CPLR 1602(7).

57. By reason of the foregoing, plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

**AS AND FOR A SECOND CAUSE OF ACTION FOR THE CONSCIOUS PAIN AND SUFFERING OF THE DECEDENT, HENDERSON HOYTE**

58. Plaintiff CLATHINA McMILLAN-HOYTE, as Administrator of the Estate of Henderson Hoyte, repeats, reiterates, and realleges each and every allegation contained in those paragraphs of this complaint numbered "1" through "57" inclusive, with the same force and effect as if hereinafter set forth more fully at length.

59. Due to Defendant's aforementioned negligence, plaintiff's-decedent sustained bodily and internal injuries, suffered a severe shock to his nervous system, and was caused to suffer severe physical pain and mental anguish, ultimately resulting in his death.

60. By reason of the aforesaid, Plaintiff CLATHINA McMILLAN-HOYTE, as Administrator of the Estate of Henderson Hoyte, deceased, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

61. That pursuant to CPLR 1603, the foregoing cause of action is exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including CPLR §1602 (7).

62. By reason of the foregoing, Plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, CLATHINA McMILLAN-HOYTE

63. Plaintiff, CLATHINA McMILLAN-HOYTE, repeats, reiterates, and realleges each and every allegation contained in those paragraphs of this complaint marked and designated "1" through "62", inclusive with the same force and effect as if hereinafter set forth fully at length.

64. Prior to the commencement of this action, and on the date of the occurrence, Plaintiff CLATHINA McMILLAN-HOYTE was the wife of plaintiff's-decedent Henderson Hoyte, and they duly cohabited as husband and wife.

65. By reason of the foregoing, Plaintiff CLATHINA McMILLAN-HOYTE suffered loss of consortium having been deprived of the rights and interests which have accrued by reason of said marriage and the continuation of said marital relationship, including those of conjugal fellowship, sexual fulfillment, support, aid, companionship, company, society, affection, comfort, services, and cooperation.

66. The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

67. Pursuant to CPLR §1603, the foregoing cause of action is exempt from the operation of CPLR §1601, by reason of one or more of the exceptions provided in CPLR §1602, including CPLR §1602(7).

68.     By reason of the foregoing, Plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against the Defendant, THE UNITED STATES OF AMERICA on the First Cause of Action in the sum of TEN MILLION ($10,000,000.00) Dollars, in the Second Cause of Action in the sum of ONE MILLION ($1,000,000.00) Dollars, and in the Third Cause of Action in the sum of ONE MILLION ($1,000,000) Dollars together with interest and the costs and disbursements of this action.

Dated: New York, New York
       March 26, 2018

                                      Yours, etc.,

                                      GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
                                      HERSHENHORN, STEIGMAN & MACKAUF
                                      Attorneys for Plaintiffs

                                      _____
                                      JEFFREY B. BLOOM (JB3700)
                                      80 Pine Street, 34th Floor
                                      New York, New York 10005
                                      (212) 943-1090